IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID A. CROWE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-00045-MJR |
| ) | |
| THIRD JUDICIAL CIRCUIT COURT, ) | |
| MADISON COUNTY, Ill., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff David A. Crowe is a pretrial detainee housed in the Madison County Jail. He brings this action Pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, seeking monetary damages for pain and suffering, mental anguish and mental distress, stemming from the Madison County, Illinois, Circuit Court's denial of his motion for a compassionate furlough to attend his mother's funeral. Crowe notes that two weeks after his request was denied, a similarly situated detainee was furloughed to visit his father in the hospital.[1] Crowe also seeks damages for clothing and personal effects that have been lost.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff submits a news article captioned, "Man failed to return from furlough, faces meth charges" –hardly an endorsement for furloughs (*see* Doc. 1, p. 7). Whether the judge involved with Plaintiff Crowe is the same judge who granted the furlough is unknown. In any event, the man who was released by Madison County Circuit Judge Richard Tognarelli never visited his father in the hospital as planned; rather, he returned to his home and commenced manufacturing methamphetamine with his own son. When a disagreement erupted between the father and son over how to properly make methamphetamine, the police were called and the fugitive was arrested.

**Discussion**

Plaintiff specifically brings this action pursuant to the FTCA. The FTCA, however, provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state and county officials. Therefore, Plaintiff's claims do not fall within the jurisdiction of the FTCA. The FTCA claim will be dismissed with prejudice.

Without a viable FTCA claim, there is no basis for federal jurisdiction. As a result, there is no basis for exercising supplemental jurisdiction over any state law claims for emotional distress, or Plaintiff's claim regarding the loss of his clothing and personal effects. *See* 28 U.S.C. § 1367(a). Furthermore, relative to the personal property claim, the Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *See Turley v. Rednour*, 729 F.3d 645, 653 (7th Cir. 2013); *Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999). Any and all state law claims will be dismissed without prejudice.

Although the complaint does not readily suggest another viable federal claim, a brief period of time will be allotted for Plaintiff to file an amended complaint.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's Federal Tort Claims Act ("FTCA") claim is **DISMISSED with prejudice**; his claims seeking monetary damages for pain and suffering and other emotional distress, and for the loss of his clothing and personal effects, are **DISMISSED without prejudice**; consequently, the complaint and Defendant "Third Judicial Circuit Court" are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall have through **March 7, 2016**, to file an amended complaint. If no amended pleading is filed, the case will be closed and final judgment will be entered.

Although final judgment has not been entered yet, Plaintiff is **ADVISED** that if he wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be non-meritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

Finally, Plaintiff is **ADVISED** that as long as this action is pending he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 12, 2016**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF DISTRICT JUDGE**